IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION 08-00326-KD-C |
| | ) | |
| KAREEM ABDUL COOK, | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant Kareem Abdul Cook's motion for jail credit (Doc. 144). Defendant requests credit for the 363-day period from October 15, 2008 (the date that Magistrate Judge Cassady ordered Defendant's release on conditions, including home detention) to October 13, 2009 (the day before Defendant was delivered to FCC Yazoo City to begin serving his federal sentence). (Doc. 37 at 3-4; Doc. 135 at 1; Doc. 144 at 2). Defendant claims that during this period, he was "on house arrest" and therefore "in official detention," as that term is used in 18 U.S.C. § 3585(b), the statute that provides for presentence credit. (Doc. 144 at 1). Upon consideration, and for the reasons set forth herein, Defendant's motion is **DENIED** for lack of jurisdiction.

The Federal Bureau of Prisons ("BOP"), not this Court, has exclusive authority to determine whether a defendant should receive credit for time spent in custody before his federal sentence commences. See United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010) ("18 U.S.C. § 3585(b) provides, '[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . .' Authority to calculate credit for time served under section 3585(b) is vested in the Attorney General, not the sentencing court." (citing United States v. Wilson, 503 U.S. 329, 334 (1992))); see also Galloway v. Fisher, No. 3:08cv82/LAC/EMT, 2008 WL 4057803, at *3 (N.D. Fla. Aug. 27, 2008) (holding that the Attorney General of the United States, "acting through the Bureau of Prisons . . . initially possesses the exclusive authority to determine when a

sentence is deemed to 'commence' and to compute sentence credit awards after sentencing" (internal citation omitted)).

Before seeking judicial review of the BOP's credit calculation, a prisoner must first exhaust administrative remedies. Alexander, 609 F.3d at 1260 (citing United States v. Lucas, 898 F.2d 1554, 1555 (11th Cir. 1990)); see also United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989) ("A federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence."). The record before the Court does not indicate whether Defendant has exhausted his administrative remedies with the BOP. Because exhaustion of administrative remedies is jurisdictional, see United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005), this Court lacks jurisdiction to recalculate the amount of credit that Defendant may or may not be due.[1] Accordingly, Defendant's motion must be **DENIED**.

The Clerk of the Court is **DIRECTED** to mail Defendant a copy of this order.

**DONE** and **ORDERED** this the **29th** day of **March 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Even if Defendant had exhausted administrative remedies, it appears that he would not be entitled to any relief. See Rodriguez v. Lamer, 60 F.3d 745, 748 (11th Cir. 1995) ("time [defendant] spent under restrictive pre-trial release conditions does not constitute 'official detention' within the meaning of 18 U.S.C. § 3585(b)"); Dawson v. Scott, 50 F.3d 884, 888 (11th Cir. 1995) ("[W]e have joined other circuits that have determined that custody or official detention time is not credited toward a sentence until the convict is imprisoned, and that release stipulations or imposed conditions that do not subject a person to full physical incarceration do not qualify as official detention.").